United States District Court
Southern District of Texas
**ENTERED**
October 01, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § § § § § § § § § § § § § § § § § § § | |
| Plaintiff, | |
| v. | Civil Action No. 4:22-CV-02391 |
| $118,524.16 SEIZED FROM IBERIA BANK CHECKING ACCOUNT ENDING IN *1014, | |
| $772,817.90 SEIZED FROM IBERIA BANK MONEY MARKET COMMERCIAL ACCOUNT ENDING IN *6745, | |
| $193,828.97 SEIZED FROM BANK OF AMERICA CHECKING ACCOUNT ENDING IN *6031, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This is an *in rem* civil forfeiture action in which the United States seized money ("the Property") from three bank accounts in connection with federal drug offenses. Certain claimants of the Property want the case dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rules E(2) and G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims. After careful consideration, Claimants Rotenberry and Wholesale RX's Motion to Dismiss Complaint Against Defendant Property for Failure to State a Claim, (Dkt. No. 18), is **DENIED**.

**I.     BACKGROUND**[1]

On February 9, 2022, the United States seized three accounts that were connected with criminal conduct: (1) $118,524.16 from Iberia Bank checking account ending in 1014; (2) $772,817.90 from Iberia Bank money market commercial account ending in 6745; and (3) $193,828.97 from Bank of American business fundamentals checking account ending in 6031. (Dkt. No. 6 at 2). On August 9, 2022, the United States filed its operative complaint ("the Complaint") seeking forfeiture of these accounts under 21 U.S.C. § 881, 18 U.S.C. § 981(a)(1)(A), and 18 U.S.C. § 981(a)(1)(C), alleging that Wholesale RX (a wholesaler of opioids), Sheldon Dounn, and various unnamed individuals have violated federal laws governing drug offenses and money laundering. (*Id.* at 2–4).

The United States alleges that Wholesale RX is an opioid-pattern wholesaler that "approve[s] nearly all pharmacy applications and nearly all of the pharmacies' orders for commonly diverted controlled drugs[.]" (*Id.* at 9). Wholesale RX supplied various Houston-area pill-mill pharmacies with "approximately 4.9 million [pills] of the most potent, short-acting strengths" with the knowledge that those pills would be illegally diverted and that the resulting revenue generated would be the product of illegal sales. (*Id.* at 5). The United States alleges that Sheldon Dounn was a broker and middleman between Wholesale RX and these illegal pill-mill pharmacies. (*Id.* at 4–5). The United States asserts that its investigations uncovered suspicious patterns between

---

[1]     For purposes of addressing this Motion, the Court accepts all factual allegations in the operative complaint as true and views them in the light most favorable to the nonmovant. *See White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021).

Wholesale RX and Texas pharmacies that "deviate substantially from a pattern of ordering that would be expected of a legitimate pharmacy[.]" (*Id.* at 10–11). The United States adds that many of the owners, agents, and employees of the pharmacies at issue have already been either criminally charged or are under investigation for Title 21 violations. (*Id.* at 5).

The United States alleges that the funds from the three seized accounts were comprised of illegal drug proceeds from the scheme at issue, and that the money has been involved in money laundering, including the diversion and illegal trafficking of controlled substances. (*Id.* at 14–17). Wholesale RX has asserted an interest in the two Iberia Bank accounts ending in *1014 and *6745, (Dkt. No. 15), and has moved to dismiss the claim against these two accounts for failure to state a claim.[2] (Dkt. No. 18).

## II.  LEGAL STANDARDS

### A.  RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than … 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

---

[2] Justin Rotenberry had also asserted his interest in the same accounts at issue, (Dkt. No. 14), and the present Motion to Dismiss is filed by both Justin Rotenberry and Wholesale RX, (Dkt. No. 18). However, the Court treats the Motion to Dismiss as filed by Wholesale RX alone because Justin Rotenberry has since withdrawn his claim and no longer asserts an interest in the property at issue. (*See* Dkt. No. 22).

3

1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists." *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "Dismissal ... is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

### B.    RULES G(2) AND E(2)

Rule G of the Supplemental Rules governs all forfeiture actions *in rem* arising from federal statutes. Fed. R. Civ. P. Supp. R. G(1). Under Rule G(2), a complaint must include, *inter alia*, "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). Relatedly, Rule E of the Supplemental Rules, which also applies to *in rem* actions, prescribes that "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. R. E(2)(a).

### III.    DISCUSSION

Wholesale RX's Motion to Dismiss argues broadly that the United States has not alleged facts sufficient to support a reasonable belief that it will be able to meet its burden of proof at trial, and therefore has not sufficiently stated a claim upon which relief may be granted. (Dkt. No. 18 at 3–9). Wholesale RX first asserts that it has only distributed drugs legitimately, and that the Complaint "fails to specifically plead a knowing link" as to "knowledge or intention that the medications would be illegally diverted." (*Id.* at 5–6). According to Wholesale RX, the United States' Complaint "[a]t best . . . suggests regulatory violations by unidentified rogue employees[.]" (*Id.* at 6). Wholesale RX next claims that the United States' choice of terms such as "pill mills" and "red flags" have "no elemental connection to statutory" or regulatory violations. (*Id.* at 7). Wholesale RX also argues that because the accusations of the underlying controlled substance violations

are impermissibly conclusory, the money laundering allegations based on those supposed violations are also without merit. (*Id.* at 8). Finally, Wholesale RX argues that with respect to the funds deposited into the accounts at issue, the United States has made conclusory allegations "as to the source and character[,]" failing to allege a nexus to any criminal violations. (*Id.* at 8–9).

The United States responds with three main points. It first asserts that it has comfortably alleged sufficient, specific facts to support a reasonable belief that it will be able to meet its burden at trial. (Dkt. No. 23 at 3–8). The United States secondly notes that, under 21 U.S.C. § 885(a)(1), the United States' Complaint need not prove scienter at the motion-to-dismiss stage and therefore cannot be defective on those grounds. (*Id.* at 9–10). Finally, the United States argues that the Property at issue is forfeitable even if Wholesale RX is found not to have violated federal controlled substance laws, so long as it was aware of criminal violations by others and elected to knowingly engage in money laundering with illegal proceeds. (*Id.* at 10–12). The Court will first consider the legal sufficiency of the Complaint and then assess the role of scienter at the pleadings stage.

    A.    LEGAL SUFFICIENCY

Wholesale RX claims that it is "at a loss as to how the Complaint alleges its drugs were being diverted." (Dkt. No. 18 at 6). The United States responds that Wholesale RX's challenges as to the Complaint's sufficiency "boggle the mind when read in light of well-plead allegations in the Complaint[.]" (Dkt. No. 23 at 7). The United States' pleadings identify, among other information: specific individuals involved in the scheme and their roles; business patterns and data that indicated illegitimacy; the exact controlled

6

substances at issue and their amounts; the corporation's business model; patterns of efforts to evade DEA scrutiny; and financial transaction accounts, including relevant timeframes and the nature and source of their funds. (*See* Dkt. No. 6 at 3–17). As previously stated, the United States at the pleading stage must allege "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f); *accord United States v. $49,000 Currency*, 330 F.3d 371, 375 n.8 (5th Cir. 2003) (explaining that "the Government must allege facts supporting a reasonable belief that it will be able to bear its burden at trial."). It has done so.

In an analogous case, a district court found that the allegations met the standard where the United States pleaded similarly detailed facts. *See United States v. $109,086.00*, No. 4:04-CV-03727, 2005 WL 1923613, at *4 (S.D. Tex. Aug. 10, 2005). In that case, the district court also deemed Rule E(2) satisfied because the complaint at issue provided the detail needed for the claimant to commence an investigation of the facts and frame a responsive pleading. *Id.* Likewise, the United States in this case has provided sufficient detail. The United States has identified the accounts at issue, the proceeds, and the basis for the seizures of each. (Dkt. No. 6 at 14–17). Wholesale RX has made no substantive argument that the pleadings are too threadbare for Rule E(2) purposes, (*see* Dkt. No. 18), and upon a review of the Complaint, such a suggestion is without merit.

### B. SCIENTER AT THE MOTION TO DISMISS STAGE

Wholesale RX argues, based on the Supreme Court's decision in *Ruan v. United States*, 597 U.S. ____, 142 S.Ct. 2370, 213 L.Ed.2d 706 (2022), that its alleged actions in

7

conjunction with the physicians and pharmacists fit under the authorized-by-law exception of 21 U.S.C. § 841. (Dkt. No. 18 at 4–7). Wholesale RX asserts that this exception has not been negated because the United States has not demonstrated beyond a reasonable doubt that the physicians and pharmacists knowingly or intentionally acted in an unauthorized manner. (*Id.*). The United States agrees that *Ruan* "generally applies" to the present facts, however, it disagrees that the heightened scienter requirement is applicable at the motion to dismiss stage. (Dkt. No. 23 at 9).

In *Ruan*, the Supreme Court held, in the context of Section 841, that the defendant in such criminal proceedings must subjectively understand the illegitimate nature of the offense they facilitated. *Ruan*, 597 U.S. at ___, 142 S.Ct. at 2382 (holding that "for purposes of a criminal conviction under § 841," the United States must prove "that a defendant knew or intended that his or her conduct was unauthorized"). But the Court also explored Section 885, which provides, in relevant part:

> It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this subchapter, and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit.

21 U.S.C. § 885(a)(1). Interpreting the statute, the Court observed that Section 885 "relieves the Government from having to disprove, at the outset of every Controlled Substances Act prosecution, every exception in the statutory scheme" and "need not refer to a lack of authorization (or any other exemption or exception) in the criminal indictment." *Ruan*, 597 U.S. at ___, 142 S.Ct. at 2380. The Supreme Court explained that

Section 885 "can thus be understood as providing a presumptive device, akin to others we have recognized in the criminal context, which merely shifts the burden of production to the defendant, following the satisfaction of which the ultimate burden of persuasion returns to the prosecution." *Id.* (cleaned up).

While *Ruan* involved a criminal proceeding, nothing indicates that its burden-of-proof discussion is inapplicable to a civil forfeiture action based on the violation of criminal statutes. *See* 21 U.S.C. § 885(a)(1) (discussing both indictments, which are criminal in nature, and complaints, which are civil). Just as the United States need not allege the inapplicability of a statutory exception in an indictment, it also need not do so in a civil complaint. *See Ruan*, 142 S.Ct. at 2380; *see also United States v. Spivack*, No. 2:22-CV-00343, 2022 WL 4091669, at *1 n.1 (E.D. Pa. Sept. 6, 2022) (denying the defendants' motion to dismiss in a civil action noting that *Ruan*, "[i]f at all relevant in the civil context, . . . does not require the United States to plead [that the defendants] acted knowingly or intentionally[.]"). The burden of proving lack of authorization is one that "shifts back to the Government" only after the defendant "satisfies the initial burden of production by producing evidence of authorization[.]" *Ruan*, 597 U.S. at ___, 142 S.Ct. at 2380. Accordingly, that burden is inapplicable at the initial pleading stage, and Wholesale RX's attacks on the sufficiency of the United States' Complaint are unavailing.

### C. OTHER GROUNDS FOR FORFEITABILITY

The United States finally asserts that the Property is nevertheless subject to forfeiture even if the Court were to determine that the authorized-by-law exception applies, either at this point or later in the litigation. (Dkt. No. 23 at 10–12). Since the

9

Court finds that the Complaint is not deficient on the pleadings, it need not consider this argument.

### IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** claimant Wholesale RX's Motion to Dismiss Complaint Against Defendant Property for Failure to State a Claim, (Dkt. No. 18).

It is SO ORDERED.

Signed on September 29, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**